IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THE CINCINATTI SPECIALTY UNDERWRITERS
INSURANCE COMPNAY                                                                          PLAINTIFF

v.                                          Case No. 4:24-cv-4072

PARKSIDE APARTMENTS OF TEXARKANA, LLC;
TARCO SPECIALTY PRODUCTS, INC.;
RED RIVER LUMBER CO., INC.;
REC-TXK, LLC;
ROGERS EQUIPMENT COMPANY, LLC;
ANTONIO COLORADO d/b/a
ANTONIO COLORADO ROOFING; and
KINSALE INSURANCE COMPANY                                                      DEFENDANTS

## MEMORANDUM OPINION and ORDER

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff, The Cincinnati Specialty Underwriters Insurance Company.  ECF No. 41.  No party has filed a response in opposition to the motion, and the time for response has passed.  The Court finds this matter ripe for consideration.

## I.  BACKGROUND

This lawsuit was filed by Plaintiff seeking a declaratory judgment that it owes no duty to defend or indemnify Defendants REC-TXK, LLC ("REC-TXK") and Rogers Equipment Company, LLC ("Rogers") in an Arkansas state court action ("the underlying action") brought by Parkside Apartments of Texarkana, LLC ("Parkside") against REC-TXK and Rogers.  Plaintiff alleges that REC-TXK is an entity related to Rogers and operates essentially as an alter ego of Rogers.  Thus, the Court will refer to both entities as "REC-TXK/Rogers."   In the instant motion, Plaintiff seeks partial summary judgment on its claims that it owes no duty to defend or indemnify REC-TXK/Rogers in the underlying action.

A short summary of the facts related to the underlying action are as follows.  Plaintiff issued a commercial general liability policy ("the Policy") to Rogers, with effective dates of April 17, 2017, to April 17, 2018.  REC-TXK/Rogers was the general contractor working for Parkside to replace roofs

on twelve separate apartment buildings.  REC-TXK/Rogers retained Defendant Antonio Colorado d/b/a Antonio Colorado Roofing ("Antonio Colorado") as a subcontractor to complete the roofing work at Parkside's property.  There was no written contract between REC-TXK/Rogers and Antonio Colorado.  Parkside alleges that Antonio Colorado incorrectly installed the roofs, which began leaking in March 2019.

In the instant action, Plaintiff seeks partial summary judgment on its claims that it owes no duty to defend or indemnify REC-TXK/Rogers in the underlying action for two reasons.  First, Plaintiff argues that the Policy only provides coverage for work performed by subcontractors when a written subcontract is obtained stating that the subcontractor agrees to defend and indemnify the insured and agrees to obtain its own insurance.  Second, Plaintiff argues that, even if there was coverage for the work done by Colorado, there is still no coverage for the allegation in the underlying case because the improperly installed roof is not property damage and the interior leaking from the roof did not first occur until after the Policy terminated.

## II.  LEGAL STANDARD

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted).  A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Id*. at 252.  "There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Zimmerli v. City of Kansas City, Missouri*, 996 F.3d 857, 862-63 (8th Cir. 2021) (quotation omitted).

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743,

747 (8th Cir. 1996). "The party moving for summary judgment generally has the burden of demonstrating the absence of any genuine issues of material fact." *Zimmerli*, 996 F.3d at 863. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

### III. DISCUSSION

As an initial matter, the Court notes that "[e]ven when a . . . motion for summary judgment is not opposed . . ., a district court must satisfy itself that, on the record before it, there are no genuine issues of material fact as to at least one of the necessary elements of plaintiff's case." *Noland v. Comm. Mortg. Corp.*, 122 F.3d 551, 553 (8th Cir. 1997). Thus, the Court must examine the record and decide if the motion is well taken. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997). Accordingly, the Court will proceed to the merits of Plaintiff's motion and decide whether summary judgment is appropriate.

#### A. Jurisdiction

The Court has jurisdiction over this lawsuit pursuant to diversity of citizenship, and thus the Court will apply the substantive law of Arkansas. *See Olmstead Med. Ctr. v. Cont'l Cas. Co.*, 65 F.4th 1005, 1008 (8th Cir. 2023).

#### B. Duty to Defend

The duty to defend and duty to indemnify "are distinct, independent obligations." *S. Farm Bureau Cas. Ins. Co. v. Watkins*, 2011 Ark. App. 388, at 7, 386 S.W.3d 6, 11 (2011). Under Arkansas law, the pleadings filed against the insured determine a liability insurer's duty to defend. *Murphy Oil USA, Inc. v. Unigard Sec. Ins. Co.*, 347 Ark. 167, 175-76, 61 S.W.3d 807, 812 (2001). "[T]he duty to defend arises when there is a possibility that the injury or damage may fall within the policy coverage." *Id.* at 176. "Conversely, when there is no possibility that the damage alleged in the complaint may fall

within the policy coverage, there would be no duty to defend." *Id.*

The question here is whether Parkside alleges facts in the underlying lawsuit that could fall within the coverage of the Policy. Plaintiff argues that Parkdale does not, citing the Policy's subcontractor exclusion. This exclusion provides:

> This insurance will not apply to any loss, claim or "suit" for any liability or any damages arising out of operations or completed operations performed for you by any independent contractors or subcontractors unless all of the above conditions have been met.

ECF No. 2-4, p. 65. The "above conditions" include the following: (1) obtaining a formal written contract with all independent contractors and subcontractors in force at the time of the injury or damage verifying valid commercial liability insurance written on an "occurrence" basis; (2) obtaining a formal written contract stating that the independent contractors and subcontractors have agreed to defend, indemnify and hold [Rogers] harmless from any and all liability arising from the negligent or intentional acts, errors or omissions of any independent contract or subcontractor; and (3) verify in the contract that [Rogers'] independent contractors and subcontractors have named [Rogers] as an additional insured on their commercial general liability policy. ECF No. 2-4, p. 65.

Parkside and REC-TXK/Rogers agree that the work at issue in the underlying action was performed by a subcontractor, Antonio Colorado. REC-TXK/Rogers admits that it did not obtain a written subcontract with Antonio Colorado that contained the above insurance indemnity obligations. ECF No. 41-2. Thus, the Policy's subcontractor exclusion clearly excludes coverage for the work done by Antonio Colorado. Because there is no possibility that the damage alleged in the state court complaint may fall within the Policy coverage, the Court finds that Plaintiff has no duty to defend REC-TXK/Rogers in the underlying action.

### C. Duty to Indemnify

"[T]he duty to defend is broader than the duty to indemnify." *Murphy Oil, USA*, 347 Ark. at 176. An insurer has a duty to indemnify "if the proved facts show an event occurred for which coverage

4

applies." *Safeco Ins. Co. of Am. v. Dooms*, 617 F. Supp. 980, 991 (W.D. Ark. 2022). Here, even if the facts in the underlying complaint were proven to be true—namely, that Antonio Colorado incorrectly installed the roofs causing them to leak—there is no coverage under the Policy because of the subcontractor exclusion discussed above. Accordingly, Plaintiff has no duty to indemnify REC-TXK/Rogers.

### D. Plaintiff's Alternative Argument

Alternatively, Plaintiff argues that, even if there was coverage for Colorado's work, the claim does not fall within the Policy's coverage period. Because the Court finds that the Policy's subcontractor exclusion applies to bar coverage, it is not necessary for the Court to address Plaintiff's alternative argument as to why it has no duty to defend or indemnify REC-TXK/Rogers.

### IV. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion for Partial Summary Judgment (ECF No. 41) should be and hereby is **GRANTED**. Accordingly, the Court declares that Plaintiff has no duty to defend or indemnify REC-TXK/Rogers in the underlying action.

**IT IS SO ORDERED**, this 20th day of May, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge